# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF Delaware

In re Comfort Co., Inc.                           Case No. 08-12305
_____Debtor_____

## INITIAL MONTHLY OPERATING REPORT
File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief.

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation.
Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession."
Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit
agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| 12-Month Cash Flow Projection (Form IR-1) | ✓ | |
| Certificates of Insurance: | | |
| Workers Compensation | | |
| Property | | |
| General Liability | ✓ | |
| Vehicle | | |
| Other: | | |
| Identify areas of self-insurance w/liability caps | | |
| Evidence of Debtor in Possession Bank Accounts | | |
| Tax Escrow Account | | |
| General Operating Account | | |
| Money Market Account pursuant to Local Rule 4001-3. Refer to http://www.deb.uscourts.gov/ | | |
| Other: CASH MANAGEMENT ORDER | ✓ | |
| Retainers Paid (Form IR-2) | ✓ | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached
are true and correct to the best of my knowledge and belief.

_____                    _____
Signature of Debtor                                 Date


_____                    _____
Signature of Joint Debtor                           Date

_Jeffrey F. Kies_                                   _11/22/08_
Signature of Authorized Individual*                 Date

_Jeffrey F. Kies_                                   _CFO_
Printed Name of Authorized Individual               Title of Authorized Individual


*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor
is a partnership; a manager or member if debtor is a limited liability company.

FORM IR
(4/07)

**Comfort Co. Inc.**
13 Week Cash Flow Projection
Week Beginning October 6, 2008

*($ 000's)*

| I. Cash Flows | Week 1 | Week 2 | Week 3 | Week 4 | Week 5 | Week 6 | Week 7 | Week 8 | Week 9 | Week 10 | Week 11 | Week 12 | Week 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Week Beginning** | 6-Oct | 13-Oct | 20-Oct | 27-Oct | 3-Nov | 10-Nov | 17-Nov | 24-Nov | 1-Dec | 8-Dec | 15-Dec | 22-Dec | 29-Dec |
| Sales | $ 8,137 | $ 8,137 | $ 9,764 | $ 6,618 | $ 8,272 | $ 8,272 | $ 9,927 | $ 8,071 | $ 8,071 | $ 8,071 | $ 8,071 | $ 8,071 | $ 6,324 |
| **Receipts** | | | | | | | | | | | | | |
| A/R collections | $ 6,998 | $ 5,544 | $ 4,952 | $ 5,894 | $ 7,057 | $ 7,450 | $ 7,093 | $ 6,921 | $ 7,509 | $ 7,577 | $ 7,203 | $ 8,203 | $ 7,840 |
| A/R collection reserves | - | (2,214) | (2,214) | (2,214) | - | - | - | - | - | - | - | - | - |
| Misc receipts | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Operating Receipts | 6,998 | 3,330 | 2,738 | 3,679 | 7,057 | 7,450 | 7,093 | 6,921 | 7,509 | 7,577 | 7,203 | 8,203 | 7,840 |
| **Operating Disbursements** | | | | | | | | | | | | | |
| Raw Materials | 5,000 | 4,544 | 4,762 | 4,715 | 4,605 | 4,556 | 4,585 | 4,565 | 4,553 | 4,565 | 4,567 | 4,562 | 4,562 |
| Packaging | 407 | 418 | 420 | 405 | 412 | 414 | 413 | 411 | 412 | 412 | 412 | 412 | 412 |
| Freight | 310 | 287 | 236 | 277 | 277 | 269 | 265 | 272 | 271 | 269 | 269 | 270 | 270 |
| Temp Agencies | 168 | 174 | 167 | 168 | 169 | 169 | 168 | 169 | 169 | 169 | 169 | 169 | 169 |
| Payroll | 1,014 | 390 | 1,014 | 390 | 964 | 390 | 1,014 | 390 | 1,014 | 390 | 1,014 | 390 | 1,014 |
| Benefits | 55 | 29 | 25 | 274 | 55 | 29 | 25 | 274 | 55 | 29 | 25 | 274 | 55 |
| Rent | - | - | - | - | 306 | - | - | - | 306 | - | - | - | - |
| Misc. Disbursements | 793 | 426 | 366 | 338 | 768 | 420 | 379 | 337 | 763 | 421 | 381 | 336 | 336 |
| Provision for 10% volume Sensitivity | - | - | - | 1,400 | - | - | - | - | 1,400 | - | - | - | - |
| Subtotal | 7,748 | 6,267 | 6,989 | 7,966 | 7,557 | 6,248 | 6,848 | 6,418 | 8,943 | 6,255 | 6,837 | 6,414 | 6,818 |
| **Non-Operating and Bankruptcy Disbursements** | | | | | | | | | | | | | |
| *Financing Expenses* | | | | | | | | | | | | | |
| Interest and fees | - | - | - | - | 213 | - | - | - | 306 | - | - | - | - |
| DIP Fees | 1,625 | | | | | | | | | | | | |
| Subtotal | 1,625 | - | - | - | 213 | - | - | - | 306 | - | - | - | - |
| *Other* | | | | | | | | | | | | | |
| Utility Deposits / LC's | 1,600 | 1,600 | - | - | - | - | - | - | - | - | - | - | - |
| Professional Fees | - | - | - | - | - | 1,450 | - | - | - | 1,425 | - | - | - |
| Cure Costs | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Capital Expenditures | 520 | 120 | 120 | 120 | 120 | 520 | 120 | 120 | 120 | 520 | 120 | 120 | 120 |
| Subtotal | 2,120 | 1,720 | 120 | 120 | 120 | 1,970 | 120 | 120 | 120 | 1,945 | 120 | 120 | 120 |
| Total Disbursements | 11,493 | 7,987 | 7,109 | 8,086 | 7,890 | 8,218 | 6,968 | 6,538 | 9,369 | 8,200 | 6,957 | 6,534 | 6,938 |
| Net Cash Flow | $ (4,495) | $ (4,657) | $ (4,371) | $ (4,407) | $ (833) | $ (768) | $ 125 | $ 383 | $ (1,859) | $ (623) | $ 246 | $ 1,669 | $ 903 |
| **II. Loan Balance** | | | | | | | | | | | | | |
| Beginning Loan Balance | $ (13,000) | $ (17,495) | $ (22,152) | $ (26,523) | $ (30,930) | $ (31,763) | $ (32,531) | $ (32,406) | $ (32,023) | $ (33,883) | $ (34,506) | $ (34,260) | $ (32,592) |
| Cash Balance Drawdown | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Net cash flow | (4,495) | (4,657) | (4,371) | (4,407) | (833) | (768) | 125 | 383 | (1,859) | (623) | 246 | 1,669 | 903 |
| Ending Loan Balance | (17,495) | (22,152) | (26,523) | (30,930) | (31,763) | (32,531) | (32,406) | (32,023) | (33,883) | (34,506) | (34,260) | (32,592) | (31,689) |

**Comfort Co. Inc.**
13 Week Cash Flow Projection
Week Beginning October 6, 2008

*($ 000's)*

| I. Cash Flows | Week 14 | Week 15 | Week 16 | Week 17 | Week 18 | Week 19 | Week 20 | Week 21 | Week 22 | Week 23 | Week 24 | Week 25 | Week 26 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Beginning | 5-Jan | 12-Jan | 19-Jan | 26-Jan | 2-Feb | 9-Feb | 16-Feb | 23-Feb | 2-Mar | 9-Mar | 16-Mar | 23-Mar | 30-Mar | 26 Weeks |
| Sales | $ 7,905 | $ 7,905 | $ 9,486 | $ 6,610 | $ 8,262 | $ 8,262 | $ 9,915 | $ 6,610 | $ 7,450 | $ 7,450 | $ 7,450 | $ 7,450 | $ 7,450 | $ 208,012 |
| **Receipts** | | | | | | | | | | | | | | |
| A/R collections | $ 8,230 | $ 7,622 | $ 8,069 | $ 7,448 | $ 7,448 | $ 6,693 | $ 6,422 | $ 6,907 | $ 7,228 | $ 7,250 | $ 6,806 | $ 7,773 | $ 7,319 | $ 185,453 |
| A/R collection reserves | - | - | - | - | - | - | - | - | - | - | - | - | - | (6,643) |
| Misc receipts | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Operating Receipts | 8,230 | 7,622 | 8,069 | 7,448 | 7,448 | 6,693 | 6,422 | 6,907 | 7,228 | 7,250 | 6,806 | 7,773 | 7,319 | 178,810 |
| **Operating Disbursements** | | | | | | | | | | | | | | |
| Raw Materials | 4,564 | 4,564 | 4,563 | 4,563 | 4,563 | 4,563 | 4,563 | 4,563 | 4,563 | 4,563 | 4,563 | 4,563 | 4,563 | 119,465 |
| Packaging | 412 | 412 | 412 | 412 | 412 | 412 | 412 | 412 | 412 | 412 | 412 | 412 | 412 | 10,718 |
| Freight | 270 | 270 | 270 | 270 | 270 | 270 | 270 | 270 | 270 | 270 | 270 | 270 | 270 | 7,052 |
| Temp Agencies | 169 | 169 | 169 | 169 | 169 | 169 | 169 | 169 | 169 | 169 | 169 | 169 | 169 | 4,389 |
| Payroll | 390 | 1,014 | 390 | 1,014 | 390 | 1,014 | 390 | 1,014 | 390 | 1,014 | 390 | 1,014 | 390 | 18,202 |
| Benefits | 29 | 25 | 274 | 55 | 29 | 25 | 274 | 55 | 29 | 25 | 274 | 55 | 55 | 2,408 |
| Rent | 306 | - | - | - | 306 | - | - | - | 306 | - | - | - | - | 1,530 |
| Misc. Disbursements | 712 | 421 | 381 | 336 | 712 | 421 | 381 | 336 | 712 | 421 | 381 | 336 | 336 | 11,951 |
| Provision for 10% volume Sensitivity | 1,400 | - | - | - | - | - | - | - | - | - | - | - | - | 4,200 |
| Subtotal | 8,252 | 6,875 | 6,459 | 6,819 | 6,851 | 6,874 | 6,459 | 6,819 | 6,851 | 6,874 | 6,459 | 6,819 | 6,195 | 179,916 |
| **Non-Operating and Bankruptcy Disbu** | | | | | | | | | | | | | | |
| _Financing Expenses_ | | | | | | | | | | | | | | |
| Interest and fees | 309 | - | - | - | 305 | - | - | - | 314 | - | - | - | 328 | 1,775 |
| DIP Fees | | | | | | | | | | | | | | 1,625 |
| Subtotal | 309 | - | - | - | 305 | - | - | - | 314 | - | - | - | 328 | 3,400 |
| _Other_ | | | | | | | | | | | | | | |
| Utility Deposits / LC's | - | - | - | - | - | - | - | - | - | - | - | - | - | 3,200 |
| Professional Fees | - | 1,425 | - | - | - | 1,425 | - | - | - | 1,425 | - | - | - | 7,150 |
| Cure Costs | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Capital Expenditures | 120 | 120 | 340 | 120 | 120 | 120 | 640 | 120 | 120 | 120 | 640 | 120 | 120 | 5,580 |
| Subtotal | 120 | 1,545 | 340 | 120 | 120 | 1,545 | 640 | 120 | 120 | 1,545 | 640 | 120 | 120 | 15,930 |
| Total Disbursements | 8,681 | 8,420 | 6,799 | 6,939 | 7,276 | 8,419 | 7,099 | 6,939 | 7,285 | 8,419 | 7,099 | 6,939 | 6,643 | 199,245 |
| Net Cash Flow | $ (451) | $ (798) | $ 1,270 | $ 509 | $ 171 | $ (1,727) | $ (677) | $ (32) | $ (57) | $ (1,170) | $ (293) | $ 834 | $ 675 | $ (20,435) |
| **II. Loan Balance** | | | | | | | | | | | | | | |
| Beginning Loan Balance | $ (31,689) | $ (32,140) | $ (32,938) | $ (31,668) | $ (31,159) | $ (30,988) | $ (32,715) | $ (33,392) | $ (33,424) | $ (33,481) | $ (34,651) | $ (34,944) | $ (34,110) | $ (13,000) |
| Cash Balance Drawdown | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Net cash flow | (451) | (798) | 1,270 | 509 | 171 | (1,727) | (677) | (32) | (57) | (1,170) | (293) | 834 | 675 | (20,435) |
| Ending Loan Balance | (32,140) | (32,938) | (31,668) | (31,159) | (30,988) | (32,715) | (33,392) | (33,424) | (33,481) | (34,651) | (34,944) | (34,110) | (33,435) | (33,435) |

# *ACORD*™ CERTIFICATE OF LIABILITY INSURANCE

4/1/2009

| | DATE (MM/DD/YYYY) |
|---|---|
| | 11/19/2008 |

| PRODUCER | Lockton Companies,LLC-1 St. Louis<br>Three City Place Drive, Suite 900<br>St. Louis 63141-7081<br>(314) 432-0500 |
|---|---|

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

| INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A : Liberty Mutual Fire Insurance Company (48) | 23035 |
| INSURER B : Liberty Mutual Insurance Company (48) | 23043 |
| INSURER C : St. Paul Fire and Marine Insurance Company (9) | 24767 |
| INSURER D : | |
| INSURER E : | |

| INSURED | |
|---|---|
| 1070551 | Comfort Co., Inc.<br>Sleep Innovations, Inc.<br>187 State Route 36, Suite 101<br>West Long Branch NJ 07764 |

**COVERAGES**     SLEIN01     61

THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER AND THE CERTIFICATE HOLDER.

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | **GENERAL LIABILITY**<br>[X] COMMERCIAL GENERAL LIABILITY<br>[ ] CLAIMS MADE [X] OCCUR<br><br><br>GEN'L AGGREGATE LIMIT APPLIES PER:<br>[ ] POLICY [ ] PRO-JECT [ ] LOC | TB2-641-438214-028 | 4/1/2008 | 4/1/2009 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurence) | $ 100,000 |
| | | | | | | MED EXP (Any one person) | $ XXXXXXX |
| | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| A<br>A | | **AUTOMOBILE LIABILITY**<br>[X] ANY AUTO<br>[ ] ALL OWNED AUTOS<br>[ ] SCHEDULED AUTOS<br>[ ] HIRED AUTOS<br>[ ] NON-OWNED AUTOS | AS2-641-438214-048 (PPT)<br>AS2-641-438214-038 (TRACTORS) | 4/1/2008<br>4/1/2008 | 4/1/2009<br>4/1/2009 | COMBINED SINGLE LIMIT (Ea accident) | $ 2,000,000 |
| | | | | | | BODILY INJURY (Per person) | $ XXXXXXX |
| | | | | | | BODILY INJURY (Per accident) | $ XXXXXXX |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ XXXXXXX |
| | | **GARAGE LIABILITY**<br>[ ] ANY AUTO | NOT APPLICABLE | | | AUTO ONLY - EA ACCIDENT | $ XXXXXXX |
| | | | | | | OTHER THAN       EA ACC | $ XXXXXXX |
| | | | | | | AUTO ONLY:       AGG | $ XXXXXXX |
| A | | **EXCESS/UMBRELLA LIABILITY**<br>[X] OCCUR [ ] CLAIMS MADE<br><br>[ ] DEDUCTIBLE [X] UMBRELLA FORM<br>[X] RETENTION   $ 25,000 | TH2-641-438214-058 | 4/1/2008 | 4/1/2009 | EACH OCCURRENCE | $ 25,000,000 |
| | | | | | | AGGREGATE | $ 25,000,000 |
| | | | | | | | $ XXXXXXX |
| | | | | | | | $ XXXXXXX |
| | | | | | | | $ XXXXXXX |
| B | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>If yes, describe under SPECIAL PROVISIONS below   No | WC1-641-438214-018 | 4/1/2008 | 4/1/2009 | [X] WC STATU-TORY LIMITS [ ] OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |
| C | | **OTHER**<br>EXCESS LIABILITY | QI08000297 | 4/1/2008 | 4/1/2009 | $25MM XS $25MM | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| 3969003<br><br>OFFICE OF THE U.S. TRUSTEE<br>ATTN: JANE LEAMY, ESQUIRE<br>844 KING STREET, SUITE 2207<br>WILMINGTON DE 19801 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br><br>AUTHORIZED REPRESENTATIVE |

ACORD 25 (2001/08)     For questions regarding this certificate, contact the number listed in the 'Producer' section above and specify the client code 'SLEIN01'.     © ACORD CORPORATION 1988

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                               : Chapter 11
                                                     :
**COMFORT CO., INC.,**                               : Case No. 08-12305 (MFW)
a Delaware corporation, *et al.,*[1]                 :
                                                     : **[Joint Administration Pending]**
Debtors.                                             :
                                                     : Ref. Docket No. 12
---------------------------------------------------------------- x

## ORDER (I) APPROVING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (II) AUTHORIZING USE OF PREPETITION BANK ACCOUNTS AND BUSINESS FORMS AND (III)WAIVING THE REQUIREMENTS OF 11 U.S.C. §345(b) ON AN INTERIM BASIS

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order (i)

authorizing and approving the Debtors' continued use of the Cash Management System, (ii)

authorizing the Debtors to continue using prepetition bank accounts and business forms, and (iii)

waiving the requirements of 11 U.S.C. § 345(b) on an interim basis with respect to the Debtors'

deposit practices; and it appearing that the relief requested is in the best interests of the Debtors'

estates, their creditors, and other parties in interest; and upon the First Day Declaration, filed

contemporaneously with the Motion; and it appearing that this Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core

proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Comfort Co., Inc. (0360); Sleep Innovations, Inc. (6386); Advanced Innovations Central, LLC (7109); Advanced Innovations East, LLC (2669); Advanced Innovations West, LLC (2116); Advanced Urethane Technologies, Inc. (1725); AUT Brenham, Inc. (7286); AUT Dallas, Inc. (7706); AUT Lebanon, Inc. (7928); AUT Newburyport, Inc. (7032); and AUT West Chicago, Inc. (7561). The address for all of the Debtors is 187 Route 36, Suite 101, West Long Branch, NJ 07764.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

1.      ORDERED that the Motion is hereby GRANTED; and it is further

2.      ORDERED that the Debtors are authorized, in the reasonable exercise of their business judgment, to: (i) designate, maintain and continue to use, with the same account numbers, all of their respective depository, concentration, disbursement and other bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on Exhibit B to the Motion (collectively, the "**Bank Accounts**"); (ii) use, in their present form, all other documents related to the Bank Accounts; and (iii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; and it is further

3.      ORDERED that the Debtors are authorized to continue utilizing their integrated Cash Management System to manage their cash and to pay any fees, costs and expenses owed to their Banks that arise in the ordinary course of business, in a manner consistent with the Debtors' prepetition practices; and it is further

4.      ORDERED that the Cash Management Banks are hereby authorized and directed to continue to service and administer all such accounts as accounts of the relevant Debtor as debtor in possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on, or electronic transfer requests made on, said account after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtors before the Petition Date may be honored by any bank only if specifically authorized by order of this Court; and it is further

5.     ORDERED that except for those checks that may be honored and paid to comply with any order(s) of this Court authorizing payment of certain prepetition claims, no checks or drafts issued on the bank accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid; and it is further

6.     ORDERED that notwithstanding any other provision of this Order to the contrary, no Cash Management Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order; and it is further

7.     ORDERED that nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any existing bank accounts as they may deem necessary and appropriate, provided, however, the Debtors will provide notice of the opening of new accounts or the closing of existing accounts to the office of the United States Trustee and any committee appointed in these cases; and it is further

8.     ORDERED that each Debtor is authorized to continue to use its existing business and correspondence forms without alteration and without the designation "Debtor in Possession" imprinted upon them, provided, however, that following the depletion of the Debtors' business form stock, the Debtors will obtain new business forms stock reflecting their status as debtors in possession; and it is further

9.   ORDERED that the Debtors are authorized to make disbursements from the Bank Accounts other than by check, to the extent consistent with the Debtors' existing cash management practices; and it is further

10.   ORDERED that effective *nunc pro tunc* to the Petition Date, the Cash Management Banks shall be and hereby are authorized and directed to receive, process, honor and pay any and all prepetition and post-petition checks drawn on and electronic transfers authorized for payment by the Court; and it is further

11.   ORDERED that the Debtors are authorized to deposit funds in accordance with their established deposit practices in effect as of the commencement of these cases and, to the extent such deposit practices are not consistent with the requirements of section 345(b) of the Bankruptcy Code or of the U.S. Trustee Operating Guidelines for Chapter 11 Cases, such requirements are waived for forty-five days, on an interim basis only, without prejudice to the Debtors' right to seek a further interim waiver or final waiver; and it is further

12.   ORDERED that the Debtors shall cause a copy of this Order to be served on all of the banks at which any Bank Account is maintained within five business days of the date hereof; and it is further

13.   ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

14.   ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

15. ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October 6, 2008
      Wilmington, Delaware

_____
United States Bankruptcy Judge

## Professional Retainers Paid

- Simpson Thatcher & Bartlett LLP $250,000
- Capstone $250,000
- Carl Marks & Co. Inc. $275,000
- Latham & Watkins LLP $250,000
- MWW Group, Inc. $25,000
- The Garden City Group, Inc. $50,000
- Duane Morris LLP $75,000